## SUPREME COURT.

### PATRICK M'CAFFERTY, agt. HUGH M'CABE, and THE MAYOR, &c., of the City of New-York.

An individual who, under a contract with the corporation of the city of New-York, is proceeding to pave a street, cannot be restrained by injunction against him, on behalf of an owner of real estate assessed for the improvement, from doing the work otherwise than according to the contract.

The remedy is, by injunction restraining the *corporation* from either making the assessment, or from paying the defendant anything on account of his contract, until he has fully complied with it.

*New-York Special Term*, *Dec.*, 1856.

A PRELIMINARY injunction had been issued in this case on the application of the plaintiff, an owner of real estate on Forty-eighth street, to restrain the defendant from paving that street, otherwise than in accordance with his contract with the mayor, &c. It would appear that the corporation had determined that this street should be paved, and, in pursuance of the charter and ordinance, entered into a contract with the defendant, M'Cabe, to do the same in a certain specified manner. The plaintiff alleges that the defendant is not proceeding in

M'Cafferty agt. M'Cabe and the Mayor, &c., of New-York.

accordance with his contract, and calls upon this court to restrain him from proceeding, unless in compliance with the contract. A motion is now made for a dissolution of this preliminary injunction.

BEEBE, DONOHUE & DEAN, *for plaintiff.*
STILLWELL & SWAIN, *for defendant M'Cabe.*
M. V. B. WILCOXSON, *for the mayor, &c., of N. Y.*

DAVIES, Justice. I am unable to perceive upon what principle this court can be called on to interfere in this case by injunction. The proper public body has made a contract, which is not alleged is improper, in any respect, to perform for the corporation certain work. It is not denied that this is all lawful, or that the work ought not to be done. But the plaintiff says, the defendant is not doing the work in accordance with his contract, and asks this court to say that he shall only do it in conformity with its stipulations. An injunction has been issued, in conformity with this prayer, and the defendant insists he has done, and always has been doing the work in conformity with the contract. If this injunction stands, it must be followed by a motion on the part of the plaintiff, to punish the defendant for a contempt in violating it, by not doing the work in conformity with the contract, while he alleges that he has not violated it, because the work has been done in accordance with the contract.

Such issues cannot be conveniently disposed of in this court, and would lead, in my judgment, to withdrawing from the appropriate public officers the inspection and supervision of the great amount of work done for the corporation. The plaintiff is not without adequate and full remedy. As a tax-payer, he can obtain an injunction, if his premises are correct, against the corporation, from paying the defendant anything on account of his contract, until he shall have fully complied with all its terms and provisions; or he may, as an owner of property benefited by the improvement, and to be assessed by the corporation to reimburse the city treasury for its expense, obtain

an injunction, restraining them from making such an assessment, until the defendant shall have fully complied with his contract. Either of these remedies are open to the plaintiff, and, in my opinion, far more effective and proper than the one now sought.

I am satisfied the present injunction cannot be sustained, either on principle or authority, and must, therefore, be dissolved.